OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, the State of Ohio, appeals from a final judgment of the Portage County Municipal Court, Ravenna Division, granting appellee's motion to suppress. For the reasons that follow, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
At approximately 4:13 a.m. on the morning of September 11, 1999, the Streetsboro Police Department received a report of a vehicle knocking over mailboxes. According to the caller, the vehicle was last seen going eastbound on State Route 14 heading toward Ravenna, Ohio. Officer Andrew Suvada ("Officer Suvada"), a six-year veteran of the Streetsboro Police Department, was dispatched to the area to investigate.
While traveling southbound on Diagonal Road, Officer Suvada observed a northbound vehicle driven by appellee, Michael J. Bencie, approaching at what appeared to be a low rate of speed. As the two vehicles converged, Officer Suvada noticed that appellee seemed to be weaving from the center of the road over into the berm and back into the center of the road. When the officer passed the vehicle, he looked into his rearview mirror and saw that the rear license plate of appellee's vehicle was not illuminated.
At that point, Officer Suvada turned his patrol car around and activated his overhead lights to initiate a traffic stop. Appellant was eventually issued traffic citations for driving under the influence of alcohol in violation of R.C. 4511.19(A)(1) and for failing to properly illuminate a license plate in violation of R.C. 4513.05.
On October 15, 1999, appellee filed a motion to suppress the evidence obtained against him. As grounds for the motion, appellee argued, among other things, that Officer Suvada did not have sufficient cause to initiate the traffic stop. The motion came on for a hearing on November 22, 1999. Officer Suvada was the only person to testify.[1]
On January 21, 2000, the trial court granted appellee's motion to suppress. In doing so, the trial court found that Officer Suvada did not have sufficient reasonable suspicion to justify the stop. In particular, the court concluded that there was no indication that appellee was driving in an erratic manner and, in accordance with a prior decision of that court, a violation of R.C. 4513.05, by itself, is not enough justify an investigatory stop.[2]
From this judgment entry, appellant filed a timely notice of appeal with this court pursuant to Crim.R. 12(J). It now asserts the following assignment of error for our consideration:
 "The trial court erred when it granted appellant's [sic] motion to suppress the stop of appellant's [sic] vehicle, because the stop was based on reasonable suspicion that appellant [sic] was driving while impaired, and probable cause that he was committing marked lane and rear plate illumination violations."
At a hearing on a motion to suppress, the trial court functions as the trier of fact. Thus, the trial court is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357, 366. See, also,State v. Gray (July 14, 2000), Geauga App. No. 99-G-2249, unreported, at 4, 2000 Ohio App. LEXIS 3197; State v. Hrubik (June 30, 2000), Ashtabula App. No. 99-A-0024, unreported, at 4, 2000 Ohio App. LEXIS 2999; State v.Robinson (June 30, 2000), Portage App. No. 99-P-0019, unreported, at 4, 2000 Ohio App. LEXIS 2994.
On review, an appellate court must accept the trial court's findings of fact if those findings are supported by competent, credible evidence.State v. Retherford (1994), 93 Ohio App.3d 586, 592; Gray at 4-5; Hrubik
at 5; Robinson at 4. After accepting such factual findings as true, the reviewing court must then independently determine as a matter of law whether or not the applicable legal standard has been met. Retherford at 592; Gray at 5; Hrubik at 5; Robinson at 4-5.
Appellant argues that there was sufficient evidence presented at the hearing to support Officer Suvada's decision to stop appellee. According to appellant, the fact that appellee was driving approximately ten to fifteen m.p.h. below the posted speed limit, in addition to the fact that he weaved two to three times into the berm within a short distance, provided the arresting officer with at least a reasonable and articulable suspicion that appellee was committing a traffic violation. Moreover, appellant maintains that the mere fact that the trial court disagreed with the merits of a particular statute defining a traffic violation, i.e., R.C. 4513.05, does not render the stop for a violation of such statute unconstitutional.
This court has recently held that the failure to have a license plate properly illuminated is a violation of R.C. 4513.05.[3] State v.Stamper (Aug. 11, 2000), Portage App. No. 99-P-0082, unreported, at 7, 2000 Ohio App. LEXIS 3659. See, also, State v. Walker (1996), Geauga App. No. 96-G-1966, unreported, at 6-7, 1996 Ohio App. LEXIS 4962. As a result, Officer Suvada was justified in stopping the automobile driven by appellee based upon the violation of the foregoing statute. Stamper at 7;Walker at 7.
Our decision here is in agreement with the overwhelming majority of courts in Ohio that have decided this same issue. See, generally, Statev. Edwards (1997), 119 Ohio App.3d 355, 358; State v. Evans (May 22, 2000), Clinton App. Nos. CA 2000-01-001 CA 2000-01-002, unreported, at 2, 2000 Ohio App. LEXIS 2164; Logan v. Willard (Jan. 21, 2000), Hocking App. No. 99 CA 21, unreported, at 6, 2000 Ohio App. LEXIS 250; State v.Gardner (Feb. 20, 1998), Sandusky App. No. S-97-008, unreported, at 6-7, 1998 Ohio App. LEXIS 608; State v. Marbury (Sept. 21, 1992), Stark App. No. CA-8854, unreported, at 8, 1992 Ohio App. LEXIS 4950. Moreover, it is well-settled that an officer's observation of any violation of a traffic ordinance constitutes sufficient grounds to stop the vehicle observed violating the ordinance. State v. Brownlie (Mar. 31, 2000), Portage App. Nos. 99-P-0005 99-P-0006, unreported, at 6, 2000 Ohio App. LEXIS 1450.
Therefore, we hold that when a police officer observes a vehicle traveling without an operational light illuminating the vehicle's rear license plate, the officer has probable cause to stop the vehicle for the purpose of issuing a citation. Upon stopping the vehicle, the officer may then perceive facts indicating that the driver is intoxicated. If the officer has developed a reasonable suspicion that the driver is intoxicated, he or she may ask the driver to step out of the vehicle and perform field sobriety tests. Depending on the outcome of those tests, the officer may ultimately obtain probable cause to arrest the motorist for driving under the influence of alcohol. Brownlie at 6.
During the suppression hearing, Officer Suvada testified that he pulled appellee over because the rear license plate on the vehicle he was driving was not illuminated, a violation of R.C. 4513.05, and because appellee may have been weaving. The fact that the rear license plate was not illuminated provided the officer with probable cause to subject appellee to a constitutional seizure via the roadside stop. Hence, whether or not appellee was weaving is immaterial because he did commit at least one traffic violation warranting a citation. Based on this fact alone, the trial court should have denied appellee's motion to suppress.
We appreciate the fact that the trial court may personally disagree with us on this particular issue. Simple disagreement with a prior decision of this court, however, is an insufficient reason for completely ignoring binding precedent. It is not the duty of a judge to determine whether certain laws have been superceded by advances in technology. Rather, the judiciary is entrusted with the responsibility of ensuring that legislative enactments are constitutional and applied fairly to everyone, and if they are, with upholding the laws of this state.
In Ohio, the General Assembly is given the power to redefine or repeal those laws no longer deemed to be relevant in our ever-evolving society. So while license plates on today's cars may consist of reflective material negating the need for illuminating lights, the simple fact of the matter is that R.C. 4513.05 is still a validly enacted law and should be, personal beliefs aside, enforced accordingly.
Based on the forgoing analysis, appellant's single assignment of error is well-taken.
The judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion.
 ______________________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., O'NEILL, J., concur.
[1] At the hearing on his motion to suppress, appellee did not challenge the validity of his arrest for driving under the influence. Instead, he only contested the reasonableness of the stop.
[2] As will be discussed in greater detail, the trial court's statement that a violation of R.C. 4513.05, by itself, is not enough to justify an investigatory stop is incorrect as a matter of law.
[3] R.C. 4513.05 provides in pertinent part:
"* * *
 "Either a tail light or a separate light shall be so constructed and placed as to illuminate with a white light the rear registration plate, * * * and render it legible from a distance of fifty feet to the rear. * * *"